IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON


FILED
MAR 1 2 2004
TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:04-00025

PHILIP ANDREWS DUVALL

RESPONSE OF THE UNITED STATES OF AMERICA
TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND
REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 1.01(c) of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on March 2, 2004, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Request A:** Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. [Fed. R. Crim. P. 16(a)(1)(A)]

**Response:** Provided herewith is an FBI 302 (2 pages) summarizing statements of defendant made at and around the time of his arrest. The same and similar statements are also noted in the report of Trooper Sally Hatten, also provided herewith (24 pages).

**Request B:** Disclose to defendant and make available for inspection, copying or photographing, all of the following:

(i) Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows--or

12

through due diligence could know--that the statement exists. [Fed. R. Crim. P. 16(a)(1)(B)(i)]

**Response**: Transcript of Internet chats to which defendant was a part are attached, Bates # DUVALL-0000001-DUVALL-0000160.

Except insofar as the same is contained in those internet chats or referenced or mentioned in other responses herein, the United States is in possession of no written or recorded statements of defendant.

**(ii) The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent. [Fed. R. Crim. P. 16(a)(1)(B)(ii)]**

**Response**: An FBI 302 and the report of Trooper Sally Hatten noting and summarizing statements made by defendant are provided herewith.

**(iii) The defendant's recorded testimony before a grand jury relating to the charged offense. [Fed. R. Crim. P. 16(a)(1)(B)(iii)]**

**Response**: Mr. Duvall did not appear before the grand jury in the investigation of this case.

**Request C: Where the defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the government contends that the person making the statement (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that persons's position as the defendant's director, officer, employee, or agent. [Fed. R. Crim. P. 16(a)(1)(C)]**

**Response:** N/A

**Request D:** Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists. [Fed. R. Crim. P. 16(a)(1)(D)]

**Response:** Rap sheet (2 pages) is provided herewith. Bates # DUVALL-0000047 and DUVALL-0000048.

**Request E:** Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant. [Fed. R. Crim. P. 16(a)(1)(E)]

**Response:** Provided herewith are Bates # DUVALL-0000049 through DUVALL-0000160 and DUVALL-0000194 - DUVALL-0000196. In addition, the United States will make computer, video and other evidence available for the defendant's inspection at an arranged time. Child pornography will remain in the custody of the FBI, but the defendant will be permitted to view and inspect it privately.

**Request F:** Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial. [Fed. R. Crim. P. 16(a)(1)(F)]

3

**Response**: No experiments or scientific tests have been performed in this case.

**Request G**: **Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]**

**Response**: Provided herewith are the reports of Melinda C. Cash, a computer forensics expert with the FBI (33 pages) Bates # DUVALL-0000161 - DUVALL-0000193.

The government also may call witnesses to testify that the images in the videos referenced in the indictment are of real children who are under 18 years old. Their names and qualifications will be revealed immediately upon receipt.

**Request H**: **Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.**

**Response**: Except insofar as the same may be revealed in other responses herein, the United States is unaware of any exculpatory evidence or evidence favorable to the defendant.

4

**Response:** The defendant is accused of sexual contact with several minor females. This behavior may be relevant to the issues at trial and its admission sought. The details of that behavior are revealed sufficiently in the materials provided herewith.

**Request J:** Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.

**Response:** No mail cover was employed in the investigation of this case.

**Request K:** Disclose to defendant any matter as to which the government will seek judicial notice.

**Response:** That Huntington and Griffithsville, West Virginia are within the Southern Judicial District of West Virginia.

**Request L:** Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the trial. For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.

**Response:** No wire or oral interception was employed in the investigation of this case.

**Request M:** Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.

**Response:** The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to defendant.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

### REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rule 1.01(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 10 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

Respectfully submitted,

KASEY WARNER
United States Attorney

By: _____
LARRY R. ELLIS
Assistant United States Attorney

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS, AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY, has been made on opposing counsel by hand delivering a true copy thereof, on the 12th day of March 2004, to the following counsel of record:

Edward H. Weis
Assistant Federal Public Defender
300 Virginia Street East, Room 3400
Charleston, WV 25301

LARRY R. ELLIS
Assistant United States Attorney