

**U.S. Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

United States Courthouse　　　　　　　　　　Mailing Address
300 Virginia Street East　　　**FILED**　　Post Office Box 1713
Charleston, WV 25301　　　　　　　　　Charleston, WV 25326
FAX: (304) 347-5104　　　　　　　　　　　　(304) 345-2200
　　　　　　　　　　　　AUG 17 2004　　　　　1-800-659-8726

　　　　　　　　　　TERESA L. DEPPNER, CLERK
　　　　　　　　　　U.S. District & Bankruptcy Courts
　　　　　　　　　　Southern District of West Virginia

August 4, 2004

Edward H. Weis, Esquire
Federal Public Defender's Office
300 Virginia Street, East
Charleston, West Virginia  25301

　　　　　Re:  United States v. Philip Andrews Duvall
　　　　　　　 Criminal No. 3:04-00025 (USDC SDWVa)

Dear Mr. Weis:

   This will confirm our conversations with regard to your client, Philip Andrews Duvall (hereinafter "Mr. Duvall").  As a result of these conversations, it is agreed by and between the United States and Mr. Duvall as follows:

   1.  **PENDING CHARGES**.  Mr. Duvall is charged in a fourteen-count indictment as follows:

   (a)  Counts One and Two each charge Mr. Duvall with violations of 18 U.S.C. § 2251(a) (production of child pornography);

   (b)  Counts Three, Four, Six, and Seven each charge Mr. Duvall with violations of 18 U.S.C. § 2252A(a)(2)(A) (receipt of child pornography);

   (c)  Count Five charges Mr. Duvall with a violation of 18 U.S.C. § 2252A(b)(1) (attempt to transport child pornography);

_____　　　　　　　8-6-04
PHILIP ANDREWS DUVALL　　　　　　　　　　　Date Signed
Defendant

_____　　　　　　　8/11/04
EDWARD H. WEIS　　　　　　　　　　　　　　　Date Signed
Counsel for Defendant

Edward H. Weis, Esquire
August 4, 2004
Page 2                                    Re:  U.S. v. Duvall

    (d)    Counts Eight, Nine, Ten, and Eleven each charge Mr. Duvall with violations of 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography images);

    (e)    Counts Twelve and Thirteen each charge Mr. Duvall with violations of 18 U.S.C. § 2422(b) (enticement of a minor); and

    (f)    Count Fourteen charges Mr. Duvall with a violation of 18 U.S.C. § 1470 (transfer of obscenity to a minor);

    2.    **RESOLUTION OF CHARGES.** Mr. Duvall will plead guilty to Count Two of said indictment, which charges him with a violation of 18 U.S.C. § 2251 (production of child pornography). Following final disposition, the United States will move the Court to dismiss Counts One, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen in Criminal No. 3:04-00025 as to Mr. Duvall.

    3.    **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Duvall will be exposed by virtue of this guilty plea is as follows:

    (a)    Imprisonment for a period of 20 years;

    (b)    A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)    A term of supervised release of not more than 3 years;

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

_____
PHILIP ANDREWS DUVALL
Defendant

8-6-04
Date Signed

_____
EDWARD H. WEIS
Counsel for Defendant

8/11/04
Date Signed

Edward H. Weis, Esquire
August 4, 2004
Page 3                                      Re:  U.S. v. Duvall


    (e)    An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664 or as otherwise set forth in this plea agreement.

    4.    **MINIMUM MANDATORY PENALTY.**  The minimum term of imprisonment to which Mr. Duvall will be exposed by virtue of this guilty plea is 10 years.

    5.    **SPECIAL ASSESSMENT.**  Prior to the entry of a plea pursuant to this plea agreement, Mr. Duvall will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number.  The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing.  Mr. Duvall will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement.  Failure by the defendant to provide proof of payment of the special assessment prior to or at the plea proceeding will automatically void this plea agreement.  In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Duvall.

    6.    **FORFEITURE.**  Mr. Duvall hereby agrees as follows:

    (a)    To forfeit to the United States any and all property in his possession or under his control which constitutes matter containing visual depictions prohibited by the offense to which he has pled guilty or which constitutes or is traceable to gross profits and proceeds obtained from, or which was used or intended to be used to commit or to promote the commission of, his offense including,

_____            _____
PHILIP ANDREWS DUVALL                       8-6-04
Defendant                                   Date Signed

_____            _____
EDWARD H. WEIS                              8/11/04
Counsel for Defendant                       Date Signed

Edward H. Weis, Esquire
August 4, 2004
Page 4                      Re:   U.S. v. Duvall

          but not limited to, one DELL Dimension CPU, Model #2300, Serial No. JTWZ 221;

(b)   To assist the United States and its agents in identifying all such property, regardless of its location and the manner in which it is titled. Any such identified property deemed forfeitable by the United States will then be forfeited, pursuant to 18 U.S.C. § 2253, in this criminal judicial action or in a separate administrative forfeiture action;

(c)   To provide sworn testimony and to execute any documents deemed necessary by the United States to effectuate the forfeiture and to transfer title to the said property to the United States; and

(d)   To waive any defenses to this criminal action, or to any related administrative forfeiture action, based in whole or in part on the Excessive Fines Clause of the Eighth Amendment to the Constitution, or the holding or principles set forth in United States v. Alexander, 509 U.S. 544 (1993); United States v. Bajakajian, 118 S. Ct. 2028 (1998); United States v. Austin, 509 U.S. 602 (1993); and their progeny.

       7.   **COOPERATION.** Mr. Duvall will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Duvall may have counsel present except when appearing before a grand jury.

_/s/ Philip A. Duvall_                             _8-6-04_
PHILIP ANDREWS DUVALL                 Date Signed
Defendant

_/s/ Edward H. Weis_                                _8/11/04_
EDWARD H. WEIS                          Date Signed
Counsel for Defendant

Edward H. Weis, Esquire
August 4, 2004
Page 5                                    Re:  U.S. v. Duvall

8. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Duvall, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

9. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Duvall for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Duvall for perjury or false statement if such a situation should occur pursuant to this agreement.

10. **APPEAL OF FINE.** The United States and Mr. Duvall agree that neither will seek appellate review of any order of the District Court imposing a fine unless the fine imposed is in excess of the range provided for the offense of conviction by the United States Sentencing Guidelines.

11. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises, and will make no recommendation, as to a specific sentence. However, the United States reserves the right to:

    (a) Inform the Probation Office and the Court of all relevant facts and conduct;

_____            _____8-6-04_____
PHILIP ANDREWS DUVALL                        Date Signed
Defendant

_____            _____8/11/04_____
EDWARD H. WEIS                               Date Signed
Counsel for Defendant

Edward H. Weis, Esquire
August 4, 2004
Page 6                              Re:  U.S. v. Duvall

- (b) Address the Court with respect to the nature and seriousness of the offense;

- (c) Respond to questions raised by the Court;

- (d) Correct inaccuracies or inadequacies in the presentence report;

- (e) Respond to statements made to the Court by or on behalf of Mr. Duvall;

- (f) Advise the Court concerning the nature and extent of Mr. Duvall's cooperation; and

- (g) Address the Court regarding the issue of Mr. Duvall's acceptance of responsibility.

12. **VOIDING OF AGREEMENT.** If either the United States or Mr. Duvall violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

13. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Duvall in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Duvall in any Court other than the United States District Court for the Southern District of West Virginia.

_____          _8-6-04_____
PHILIP ANDREWS DUVALL                    Date Signed
Defendant

_____          _8/4/04_____
EDWARD H. WEIS                           Date Signed
Counsel for Defendant

Edward H. Weis, Esquire
August 4, 2004
Page 7                                    Re:  U.S. v. Duvall


Acknowledged and agreed to on behalf of the United States:

                          KASEY WARNER
                          United States Attorney
                   By:    _____
                          LARRY R. ELLIS
                          Assistant United States Attorney

LRE/ljw

I hereby acknowledge by my signature at the bottom of each page of this six-page agreement that I have read, understand and agree to each of the terms and conditions set forth in this agreement.


_____            8-6-04
PHILIP ANDREWS DUVALL                Date Signed
Defendant

_____            8/1/04
EDWARD H. WEIS                       Date Signed
Counsel for Defendant